**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MARCIA COPELAND, M.D.,

      Plaintiff,

v.

TOWNSHIP OF BELLMAWR, STATE
OF NEW JERSEY, ATTORNEY
GENERAL OFFICE OF THE STATE
OF NEW JERSEY, GOVERNOR'S
OFFICE (NJ), JIM BRALEY,
MAYOR OF BELLMAWR, JSC MARY
EVA COLALILLO, JSC DEBORAH
SILVERMAN KATZ, JSC ROBERT
MILLENKY, ROBERT SALDUTTI,
ESQ., ADVISORY COMMITTEE ON
JUDICIAL CONDUCT, LISA
SHARKEY, JUDGE ANTHONY
PUGLISI, ANDREW KARCICH,
ESQ., SCOTT LEVINE, ESQ., and
MARTY ABO,

      Defendants.

1:17-cv-12104-NLH-JS

**OPINION**

---

**APPEARANCES:**

MARCIA COPELAND, M.D.
2 APPLE RIDGE WAY
EAST BRUNSWICK, NJ 08816

    *Plaintiff appearing pro se*

JEFFREY S. CRAIG
KELLEY, WARDELL, CRAIG, ANNIN & BAXTER, LLP
41 GROVE STREET
HADDONFIELD, NJ 08033

    *On behalf of the Bellmawr Defendants*

MELIHA ARNAUTOVIC
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625

*On behalf of Defendants the State of New Jersey, Attorney General Office, JSC Mary Eva Colalillo, JSC Deborah Silverman Katz, JSC Robert Millenky, Advisory Committee on Judicial Conduct, Judge Anthony Puglisi*

REBECCA K. MCDOWELL
SALDUTTI LAW GROUP
800 N KINGS HIGHWAY
SUITE 300
CHERRY HILL, NJ 08034

*On behalf of Defendant Robert Saldutti, Esq.*

MEREDITH KAPLAN STOMA
MORGAN MELHUISH ABRUTYN
651 W. MOUNT PLEASANT AVENUE
LIVINGSTON, NJ 07039-1673

*On behalf of Defendants Lisa Sharkey and Marty Abo*

FARDENE E. BLANCHARD
LYNCH & KARCHICH LLC
1000 WHITE HORSE ROAD
SUITE 703
VOORHEES, NJ 08043

*On behalf of Defendant Andrew Karcich, Esq.*

MELISSA J. KANBAYASHI
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, PC
CHERRY TREE CORPORATE CENTER
535 RT. 38 EAST
SUITE 501
CHERRY HILL, NJ 08002

*On behalf of Defendant Scott Levine, Esq.*

**HILLMAN**, District Judge

This is the fifth federal court action filed by Plaintiff, Marcia Copeland, M.D., concerning a state court default judgment entered against her in February 2012.[1]  On August 7, 2018, the Court dismissed Plaintiff's claims against all defendants on the bases of judicial immunity, res judicata, New Jersey's entire controversy doctrine, the Rooker-Feldman doctrine, and Plaintiff's failure to state any cognizable claims.  (Docket No. 95.)

In that same Opinion, the Court found "that the history of this case and Plaintiff's unrelenting efforts to relitigate a 2012 state court judgment by filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved" warranted the imposition of sanctions in the form of a litigation preclusion order.  (Id. at 14-15.)  Accordingly, the Court directed Plaintiff to show cause

---

[1] After Plaintiff filed this action, Plaintiff filed a sixth action regarding the February 2012 default judgment - COPELAND v. STATE OF NEW JERSEY, 1:18-cv-10554-NLH-JS ("Copeland VI"). Plaintiff's previous actions concerning the same default judgment are: COPELAND v. ABO & COMPANY, LLC, 1:13-cv-03978-RMB-KMW ("Copeland I"); 1:13-cv-03979-RMB-KMW ("Copeland II"); 1:13-cv-04232-RMB-AMD ("Copeland III"); and COPELAND v. UNITED STATES DEPARTMENT OF JUSTICE, 3:15-cv-07431-AET-TJB ("Copeland IV"). Plaintiff has filed other actions arising out of different properties, although Plaintiff's claims appear to be of a similar genre.  See COPELAND v. TOWNSHIP OF PENNSAUKEN, 1:14-cv-02002-RMB-AMD; COPELAND v. NEWFIELD BANK, 1:17-cv-00017-NLH-KMW; COPELAND v. US BANK, 1:18-cv-00019-NLH-KMW.

as to why this Court should not enter a preclusion order and enjoin Plaintiff from filing any claims in this District regarding the subject matter of this case without prior permission of the Court. (Id. at 15.)

Two days later on August 9, 2018, the Court received a letter from Plaintiff. (Docket No 97.) The letter did not address the Court's Order to Show Cause regarding a litigation preclusion order, and instead appeared to reargue the basis for her claims.

On August 21, 2018, simultaneous with Plaintiff filing a notice of appeal with the Third Circuit (Docket No. 98), Plaintiff filed a motion for recusal (Docket No. 99) and a motion for reconsideration (Docket No. 100). On December 21, 2018, Plaintiff filed a motion for injunctive relief (Docket No. 104),[2] and another motion to recuse (Docket No. 106).

Plaintiff seeks this Court's recusal due to "bias and intellectual dishonesty, and implication of his judicial post with criminal operations." (Docket No. 99 at 1.) Plaintiff also demands "an immediate restoration of my Complaint to the docket within 15 days for adjudication, or face a Copeland reset of the New Jersey State and Federal judicial system." (Docket

---

[2] Plaintiff sought to preclude the Township of Bellmawr from adjudicating court hearings in other courts. The Court denied Plaintiff's motion on that same day. (Docket No. 105.)

4

No. 100 at 1.)  Plaintiff asks that this Court transfer her case

to an outside vicinage and be removed from the case.  (Id. at

2.)

The Court will deny Plaintiff's motions.[3]  In her motion for

reconsideration, Plaintiff reargues the factual bases for her

claims, but Plaintiff does not specifically pinpoint where the

Court erred in its analysis, other than to generally disagree

with the outcome.  This does not satisfy the standards under

Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b), or Local Civil

Rule 7.1(i) which must be met to warrant reconsideration of the

Court's decision.[4]

---

[3] Despite Plaintiff's appeal, this Court may still address
Plaintiff's motions for reconsideration and recusal.  See Fed.
R. App. P. 4(a)(4).

[4] A motion for reconsideration may be treated as a motion to
alter or amend judgment under Fed. R. Civ. P. 59(e), or as a
motion for relief from judgment or order under Fed. R. Civ. P.
60(b), or it may be filed pursuant to Local Civil Rule 7.1(i):
The purpose of a motion for reconsideration "is to correct
manifest errors of law or fact or to present newly discovered
evidence."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be
altered or amended only if the party seeking reconsideration
shows: (1) an intervening change in the controlling law; (2) the
availability of new evidence that was not available when the
court granted the motion for summary judgment; or (3) the need
to correct a clear error of law or fact or to prevent manifest
injustice.  Id.  A motion for reconsideration may not be used to
re-litigate old matters or argue new matters that could have
been raised before the original decision was reached, P.
Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d
349, 352 (D.N.J. 2001), and mere disagreement with the Court
will not suffice to show that the Court overlooked relevant

For her motion seeking this Court's recusal, a
determination regarding recusal is within the sound discretion
of the trial court judge.  <u>United States v. Wilensky</u>, 757 F.2d
594, 599–600 (3d Cir. 1985).  The two principal statutes which
address judicial recusal are 28 U.S.C. §§ 144 and 455.  Under 28
U.S.C. § 144, recusal must occur "[w]henever a party to any
proceeding in a district court makes and files a timely and
sufficient affidavit that the judge before whom the matter is
pending has a personal bias or prejudice either against him or
in favor of any adverse party."  28 U.S.C. § 144.  A
"substantial burden is imposed on the party filing an affidavit
of prejudice to demonstrate that the judge is not impartial."
<u>Ali v. United States</u>, 2015 WL 6502108, at *1 (D.N.J. 2015)
(citing <u>Frolow v. Wilson Sporting Goods Co.</u>, 2011 WL 1337513, at
*2 (D.N.J. 2011) (citation omitted); <u>Kilkeary v. United States</u>,
2015 WL 3798061, at *4 (D.N.J. 2015)).

Alternatively, § 455(a) provides, in pertinent part, that
"[a]ny justice, judge, or magistrate of the United States shall

---

facts or controlling law, <u>United States v. Compaction Sys.
Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be
dealt with through the normal appellate process, <u>S.C. ex rel.
C.C. v. Deptford Twp Bd. of Educ.</u>, 248 F. Supp. 2d 368, 381
(D.N.J. 2003); <u>U.S. v. Tuerk</u>, 317 F. App'x 251, 253 (3d Cir.
2009) (quoting <u>Mayberry v. Maroney</u>, 529 F.2d 332, 336 (3d Cir.
1976)) (stating that "relief under Rule 60(b) is
'extraordinary,' and 'may only be invoked upon a showing of
exceptional circumstances'").

disqualify himself in any proceeding in which his impartiality
might reasonably be questioned." 28 U.S.C. § 455(a). "The test
for recusal under § 455(a) is whether a reasonable person, with
knowledge of all the facts, would conclude that the judge's
impartiality might reasonably be questioned." Allen v. Parkland
Sch. Dist., 230 F. App'x 189, 193 (3d Cir. 2007) (citing In re
Kensington Int'l Ltd., 368 F.3d 211, 220 (3d Cir. 2004)).

Plaintiff appears to contend that recusal is warranted
because the New Jersey state and federal judiciary as a whole is
corrupt, and this Court is part of the corruption. Plaintiff
argues that her case should be transferred out of New Jersey so
that she may expose the corruption, instead of such alleged
corruption being suppressed by this and other courts. The Court
construes Plaintiff's motion as one to recuse all judges in this
District for the same reason, rather than one to recuse the
undersigned for a specific bias against Plaintiff.

Plaintiff's broadside attack against the judiciary as a
whole and the lack of any specific allegation of impartiality is
both telling and determinative of her recusal motion. At its
core, Plaintiff argument boils down to a claim that any judge
who rules against her is corrupt. Plaintiff's position does not
satisfy the high standard a litigant must meet to require
recusal. "[W]here, as here, a litigant is simply dissatisfied
with the District Court's legal rulings," "neither [§ 144 nor §

455] "provides a basis for recusal." <u>Hairston v. Miller</u>, 646 F.
App'x 184, 188 (3d Cir. 2016) (citing <u>Securacomm Consulting,</u>
<u>Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000) ("We
have repeatedly stated that a party's displeasure with legal
rulings does not form an adequate basis for recusal.");
<u>Petrossian v. Cole</u>, 613 F. App'x 109, 112 (3d Cir. 2015)
("Neither of these statutes provide a basis for recusal where a
litigant is simply displeased, as Petrossian was (and is), with
a prior adverse ruling.").  Plaintiff's motion to recuse will be
denied.

An appropriate Order will be entered.


Date: __February 8, 2019__          __s/ Noel L. Hillman_____
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.