**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MARCIA COPELAND, M.D.,

       Plaintiff,

v.

TOWNSHIP OF BELLMAWR, STATE
OF NEW JERSEY, ATTORNEY
GENERAL OFFICE OF THE STATE
OF NEW JERSEY, GOVERNOR'S
OFFICE (NJ), JIM BRALEY,
MAYOR OF BELLMAWR, JSC MARY
EVA COLALILLO, JSC DEBORAH
SILVERMAN KATZ, JSC ROBERT
MILLENKY, ROBERT SALDUTTI,
ESQ., ADVISORY COMMITTEE ON
JUDICIAL CONDUCT, LISA
SHARKEY, JUDGE ANTHONY
PUGLISI, ANDREW KARCICH,
ESQ., SCOTT LEVINE, ESQ., and
MARTY ABO,

       Defendants.

1:17-cv-12104-NLH-JS

**OPINION**

---

MARCIA COPELAND, M.D.,

       Plaintiff,

v.

STATE OF NEW JERSEY, JUDGE
NAN FAMULAR, ROBERT SALDUTTI,
ESQ., DEUTCHE BANK,

       Defendants.

1:18-cv-10554-NLH-JS

---

**HILLMAN**, District Judge

Presently before the Court is the resolution of the Court's Orders to Show Cause, issued to Plaintiff, Marcia Copeland, M.D., appearing *pro se*, in both above-captioned actions, as to why this Court should not enter a preclusion order and enjoin Plaintiff from filing any claims in this District regarding the subject matter of this and her other cases without prior permission of the Court.  (1:17-cv-12104, Docket No. 11, entered February 8, 2019; 1:18-cv-10554, Docket No. 96, entered August 7, 2018.)  This Court explained in Civil 1:18-cv-10554-NLH-JS ("Copeland VI") that it was the sixth federal court action filed by Plaintiff concerning a state court default judgment entered against her in February 2012.[1]  The sixth action was a virtual duplicate of her fifth action, 1:17-cv-12104 ("Copeland V").

The Court's delay in resolving the Orders to Show Cause has been a result of Plaintiff's multiple appeals to the Court of Appeals for the Third Circuit in both actions, as well as the

---

[1] As the Court noted in its Opinion in the fifth action COPELAND V. STATE OF NEW JERSEY, 1:17-cv-12104-NLH-JS ("Copeland V"), Plaintiff's previous actions concerning the same default judgment are: COPELAND v. ABO & COMPANY, LLC, 1:13-cv-03978-RMB-KMW ("Copeland I"); 1:13-cv-03979-RMB-KMW ("Copeland II"); 1:13-cv-04232-RMB-AMD ("Copeland III"); and COPELAND v. UNITED STATES DEPARTMENT OF JUSTICE, 3:15-cv-07431-AET-TJB ("Copeland IV"). Plaintiff has filed other actions arising out of different properties, although Plaintiff's claims appear to be of a similar genre.  See COPELAND v. TOWNSHIP OF PENNSAUKEN, 1:14-cv-02002-RMB-AMD; COPELAND v. NEWFIELD BANK, 1:17-cv-00017-NLH-KMW; COPELAND v. US BANK, 1:18-cv-00019-NLH-KMW.

institution of another action on July 26, 2019 after this Court issued the Orders to Show Cause.  <u>See</u> COPELAND v. US BANK CUST PCF STERLING NATIONAL, et al., 3:20-cv-07016-FLW-DEA ("<u>Copeland VII</u>").[2]  All Plaintiff's complaints, including her seventh action before Chief Judge Wolfson, were ultimately dismissed on several grounds including judicial immunity, res judicata, New Jersey's entire controversy doctrine, the <u>Rooker-Feldman</u> doctrine, and Plaintiff's failure to state any cognizable claims.

Because the appeals have been resolved,[3] and the newest action has been closed,[4] the issue of whether this Court should enjoin Plaintiff from further litigation without first obtaining permission from the Court is ripe for resolution.  Even though the Court's Orders to Show Cause were entered on August 7, 2018 and February 8, 2019, Plaintiff has never directly responded to those Orders, although she has filed other submissions, such as motions for recusal and other miscellaneous relief, after the Court issued the Orders.  Thus, the Court will consider the Court's Orders to Show Cause to have been conveyed to Plaintiff

---

[2] Plaintiff filed 3:20-cv-07016-FLW-DEA in the District of Connecticut, but on May 26, 2020, the action was transferred to this District.

[3] The Third Circuit affirmed this Court on all of Plaintiff's appeals in 1:17-cv-12104-NLH-JS and 1:18-cv-10554-NLH-JS.

[4] Chief Judge Wolfson entered a final order of dismissal on July 23, 2021.  Plaintiff's time to appeal has expired.

and intentionally unopposed.[5]

The "federal court system is not a playground to be used by litigants for harassing those they dislike." Gilgallon v. Carroll, 153 F. App'x 853, 855 (3d Cir. 2005). The court system is not available for "recreational litigation." See Marrakush Soc. v. New Jersey State Police, 2009 WL 2366132, *36 (D.N.J. July 30, 2009) (explaining that a "'recreational litigant' is the 'one who engages in litigation as sport and files numerous complaints with little regard for substantive law or court rules.'" (quoting Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court") (other citations omitted)).

It is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets. Telfair v. Office of U.S. Attorney, 443 F. App'x 674, 677 (3d Cir. 2011) (citing In re Oliver, 682 F.2d

---

[5] There is no indication on the docket that the Court's Orders to Show Cause were not delivered to Plaintiff.

443, 445 (3d Cir. 1982)).  A "district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." Id. (citation omitted).  Before a court issues a litigation preclusion order, the court must give notice to the litigant to show cause why the proposed injunctive relief should not issue.  Id. (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).

As this Court previously found in Copeland V, the "history of this case and Plaintiff's unrelenting efforts to relitigate a 2012 state court judgment by filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved appears to warrant the imposition of sanctions in the form of a litigation preclusion order." (Copeland V, Docket No. 95 at 14-16.)  These observation have been amplified by Plaintiff subsequently filing Copeland VI and Copeland VII.

The federal district court is not Plaintiff's playground, although she has treated it as such.  Moreover, Plaintiff's efforts to repeatedly regurgitate the same unmeritorious claims against the same defendants in this Court and others demonstrates that Plaintiff's aim is not for the vindication of valid claims but for harassment.  There is no question that Plaintiff's pattern of vexatious litigation must be stopped.

5

Consequently, the Court will enter an order enjoining Plaintiff from filing any claims in this District regarding the subject matter of her prior cases (Copeland I through Copeland VII) without prior permission of the Court.

An appropriate Order will be entered.


Date: September 28, 2021              s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

6